Edward Hannes, Plaintiff, *v.* George B. De Luca, as District Attorney of Bronx County, Defendant.

Supreme Court, Special Term, New York County, October 15, 1952.

*Edward Hannes,* plaintiff in person.

*George B. De Luca, District Attorney,* defendant in person.

Eder, J. Motion to vacate and set aside a " Request " to plaintiff to appear at the office of defendant, as District Attorney of Bronx County, and to enjoin him and his assistants from examining plaintiff pursuant thereto, is denied.

It is a procedure adopted by the District Attorneys in New York City to conduct in certain instances preliminary examinations to determine whether to proceed under a complaint, at all, or before a Magistrate's Court or before the grand jury. The " Request " is not an official or statutory or legal process of any sort; nor is it sanctioned by decisional law. It is a sensible and convenient mode of procedure, nonetheless, and in many instances desirable and preferable.

Since it is not a " process " of any kind but, as its very term indicates, a mere " request ", the matter of appearance is wholly optional and voluntary and can be complied with or refused. If so, there is no penalty. It is not a subpœna; the impression is sometimes gained by the laity that it is a legal process because it bears the title of the office of the District Attorney, and his signature (in print) — as such official — and states that such appearance is requested of the party as a " witness " in a

'' criminal action ''—'' prosecuted by the People of the State of New York, against ..............''. Certainly this conveys the impression that this form of '' request '' is the equivalent of a subpœna and that attendance under the request is compulsory.

Be that as it may, the indubitable fact remains the '' request '' is not legal process and may be ignored. Hence, there can be no claim of abuse of '' legal process '', which process should therefore be vacated and set aside and proceedings thereunder restrained.

There is, in consequence, no cause of action maintainable for the relief sought, nor is there power in the court to set aside and vacate a '' Request '' for appearance or to restrain any action by the District Attorney thereunder.

The instant action is purely one academic and meaningless.

Since there is no cross motion to dismiss the complaint for legal insufficiency in that it fails to state facts sufficient to constitute a cause of action, the court at this time cannot grant such relief. Settle order.